PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT MAURICE JONES, | ) |
| Plaintiff, | ) CASE NO. 4:25-cv-2020 |
| v. | ) JUDGE BENITA Y. PEARSON |
| YALCARS AUTO SALES, *et al.*, | ) |
| Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** |

### I.   Background

Plaintiff Robert Maurice Jones, proceeding without counsel, has filed a Complaint for Declaratory Judgment, Injunctive Relief, and Damages in this case against Defendant Yalcars Auto Sales and its Chief Executive Officer, Yigit Yalcin. ECF No. 1.

Although it is clear his complaint pertains to a "retail installment contract" he entered into with Defendants for the purchase of a 2016 Volkswagen Passat (*see* ECF No. 1, ¶¶ 5–6), Plaintiff's complaint is otherwise less than clear, consisting of conclusory assertions and legal rhetoric without alleging cogent, specific underlying facts. The "factual background" Plaintiff sets forth in his complaint is that: Defendants treated the retail installment contract he signed as "a negotiable instrument and/or asset backed security without his knowledge or consent"; he "never received disclosure of securitization, nor a copy of the financial instruments generated by the contract"; the "promissory note was unlawfully monetized while [he] retained neither ownership nor value return from the transaction"; he "executed a proper three-step administrative process (Debt Validation, Opportunity to Cure, Final Notice of Default), which was ignored by

(4:25CV2020)

Defendants"; and he "perfected a UCC-1 lien and executed an Assignment of Interest into Trust, establishing lawful standing to sue as the Secured Party and Holder in Due Course." ECF No. 1, ¶¶ 6–10.

Plaintiff alleges five claims for relief, including claims that he was "denied proper notice, full disclosure, and opportunity to dispute the debt treatment and note conversion in violation of the Constitution" and that 'Defendants' failure to respond to [his] lawful notices constitutes dishonor under UCC 3-505 default under commercial law." Plaintiff seeks damages and injunctive relief preventing "[f]urther collection, repossession, or enforcement" of the installment contract as well as "restitution and disgorgement of profits derived from [the contract's] securitization and monetization", and a declaratory judgment that "no valid, enforceable debt remains" on the installment contract"; that he is "the rightful secured party"; that "Defendants lack standing to the enforce the note"; and that the "original contract was converted into a financial instrument without full disclosure." ECF No. 1, ¶¶ 11–17.

Plaintiff did not pay the filing fee in the case. Instead, he filed a motion to proceed *in forma pauperis*. ECF No. 2. That motion is granted. For the following reasons, his complaint is dismissed.

## II. Standard of Review and Discussion

*Pro se* pleadings are entitled to liberal construction and are held to less stringent standards than formal pleadings drafted by lawyers. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). But "the lenient treatment generally accorded *pro se* litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001). District courts are expressly required,

(4:25CV2020)

under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (holding that the dismissal standard articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). In addition, the complaint's allegations must be sufficient facts to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

Upon review, the Court finds that Plaintiff's complaint warrants dismissal pursuant to § 1915(e)(2)(B). Plaintiff's allegations are so unclear and conclusory that they fail to state a claim in federal court. See, e.g., Lillard v. Shelby Cnty. Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555. Plaintiff's complaint does not set forth "simple, concise, and direct" allegations or a "short and plain statement" of his claims showing that he is entitled to relief on some viable legal theory as required by federal notice pleading rules. See Fed. R. Civ. P. 8(a)(2), (d)(1).

(4:25CV2020)

To the extent Plaintiff's complaint can be deciphered, it fails to state a plausible claim over which he may be granted relief.  As best as the Court can discern, Plaintiff contends Defendant violated his constitutional right to due process and/or those held under the Uniform Commercial Code (UCC) by "securitizing" his auto loan.   This, however, is not a valid legal basis for a complaint.   "[A]s a matter of law, securitization alone does not render a note . . . unenforceable and does not alter a borrower's obligation to pay back his loan." *Dauenhauer v. Bank of N.Y. Mellon*, 562 F. App'x 473, 480 (6th Cir. 2014) (per curiam) (citing *Samples v. Bank of Am., N.A.*, No. 3:12-cv-44, 2012 WL 1309135, at *3–5 (E.D. Tenn. Apr. 16, 2012)). And courts in this district have dismissed complaints filed by plaintiffs asserting federal claims and causes of action based on allegations of unlawful "securitization" of a vehicle loan, as Plaintiff appears to assert here.  *See, e.g., Cox v. Bank of America, N.A.*, No. 1:23-cv-1976, 2024 WL 3091056, at *3 (N.D. Ohio June 21, 2024) (Brennan, J); *Cox v. Bank of America*, No. 1:23-cv-1977, 2025 WL 638905, at *4 (N.D. Ohio Feb. 27, 2025) (Ruiz, J.).  Plaintiff's complaint fails to state a plausible federal claim and is subject to dismissal for the same or similar reasons as stated in those dismissed cases.

Additionally, Plaintiff has not demonstrated a basis for the Court to exercise diversity jurisdiction over any state-law claim he may be asserting relating to his installment loan.

(4:25CV2020)

### III. Conclusion

For the foregoing reasons, Plaintiff's action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Accordingly, Plaintiff's Request for Issuance of Summons (ECF No. 4) is denied as moot.  Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| January 2, 2026 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |